T.C. Summary Opinion 2017-63

UNITED STATES TAX COURT

MATTHEW BELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15546-16S.                    Filed August 16, 2017.

Matthew Bell, pro se.

Albert B. Brewster II, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 4, 2016, respondent determined a deficiency of $18,011 in petitioner's 2014 Federal income tax and a section 6662(a) accuracy-related penalty of $3,602.

After a concession,[2] the issue for decision is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for the year in issue.

## Background

Petitioner resided in California when the petition was timely filed.

Petitioner received a bachelor's degree in history. During the year in issue petitioner worked as a sales representative for two separate companies. Petitioner received a Form W-2, Wage and Tax Statement, from each of his employers, reflecting wages totaling $127,858 for 2014. Petitioner did not operate a sole proprietorship, have gross receipts, or pay any expenses relating to a business activity in 2014.

---

[1](...continued)
Internal Revenue Code (Code) in effect for the year in issue. We round monetary amounts to the nearest dollar.

[2]Petitioner conceded the determined deficiency.

For approximately three to five tax years before 2015, petitioner employed a tax return preparer for the preparation of his Federal income tax returns. In February 2015 petitioner sent Pam Williams the following email with the subject "Re: Matt Bell's w 2s", regarding preparation of his 2014 Federal income tax return:

> My friend Jeremy Fox referred me. I told him that I have a tax guy - but he said you may be able to do better for me. I think he said you could look this over and give me an estimate of what I would get back, and then go from there? Please let me know! Thank you!

That same day Ms. Williams responded via email as follows:

> After taking a cursory glance at your W2's, I will be able to get you a refund of about $20,000. My fee will be 20% so approximately $4,000. I would encourage you to see what your tax guy would be able to get you. If you like what I can do better and you're willing to pay my fee then let me know and I will proceed. The way my fee works is since you're a friend of Jeremy's you pay me after you get the refund that I say I can get you. * * *

A Form 1040, U.S. Individual Income Tax Return, dated February 19, 2015, was timely electronically filed in petitioner's name for the 2014 tax year.[3] The

---

[3]The circumstances of the preparation and filing of petitioner's 2010 Form 1040 are not entirely clear. The copy of the return in evidence is not signed, and there is no reference to or signature by a paid return preparer. Petitioner asserts that the return preparer filed the return without providing him an opportunity to review the document and did not provide him a copy of a the return before or after it was filed. Despite this ambiguity the parties have stipulated that petitioner filed a 2014 Form 1040 and respondent apparently accepted this document as

(continued...)

2014 Form 1040 reported petitioner's wages of $127,858. Attached to the 2014

Form 1040 was a Schedule C, Profit or Loss From Business, under the business

name Sales Lead Generation for Marketing Companies. The Schedule C reported

gross receipts of $14,250 and total expenses of $68,477, resulting in a net loss of

$54,227. The business loss of $54,227 offset petitioner's reported wages. Also

attached to the 2014 Form 1040 was a Schedule A, Itemized Deductions, claiming

a deduction of $29,728 for unreimbursed employee business expenses.

Petitioner's return reflected a tax of $4,463, withholding of $22,126, and an

overpayment of $17,663.[4] Petitioner did not amend his 2014 Form 1040.

In the notice of deficiency respondent disallowed $6,712 of the deduction

for unreimbursed employee business expenses and $63,145 of the deduction for

Schedule C expenses and imposed the accuracy-related penalty. Petitioner filed a

timely petition in which he asserted that he disagreed with the accuracy-related

penalty because "the return was fraudulently prepared and filed by the tax return

preparer, without my consent." As previously indicated, petitioner does not

---

[3](...continued)
petitioner's 2014 Form 1040 and made adjustments to it which are the subject
matter of this opinion.

[4]On the basis of this record this overpayment of $17,663 was refunded to
petitioner.

dispute respondents's adjustments because he conceded that he (1) did not have a business activity in 2014 and (2) overstated his itemized deductions. Petitioner attributes all of the inaccurate reporting on his return to his tax return preparer.

Discussion

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the taxpayer's "negligence or disregard of rules or regulations" or "substantial understatement of income tax."

An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); see also Neely v. Commissioner, 85 T.C. 934, 947

(1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The Commissioner bears the burden of production with respect to a section 6662 penalty. Sec. 7491(c). If the understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified. Respondent met his burden because the amount of petitioner's understatement for 2014 is substantial.[5]

Once the Commissioner has met his burden, the taxpayer may rebut the evidence that a section 6662(a) accuracy-related penalty is appropriate if he can demonstrate (1) reasonable cause for the underpayment and (2) that he acted in good faith with respect to the underpayment. Sec. 6664(c)(1). A determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances," including: (1) the taxpayer's efforts to assess the proper tax liability; (2) the knowledge and the experience of the taxpayer; and (3) any reliance on the advice of a professional such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important

---

[5]The amount of tax required to be shown on petitioner's 2014 return is $22,474 ($4,463 reported on return + $18,011 increase in tax = $22,474). This $18,011 increase in tax is greater than $5,000, which is greater than $2,247, which is 10% of $22,474. See sec. 6662(d)(1)(A).

factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

The general rule is that a taxpayer has a duty to file a complete and accurate tax return and cannot avoid that duty by placing responsibility with an agent. United States v. Boyle, 469 U.S. 241, 252 (1985); Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). A taxpayer has an obligation to exercise "[d]iligence and prudence" and to read a tax return that is prepared for him. Stough v. Commissioner, 144 T.C. 306, 323 (2015); see also Salloum v. Commissioner, T.C. Memo. 2017-127, at *21. Reliance on the advice of a professional, however, does not necessarily demonstrate reasonable cause and good faith. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional must be reasonable under the circumstances. Pasternak v. Commissioner, 990 F.2d 893, 903 (6th Cir. 1993), aff'g Donahue v. Commissioner, T.C. Memo. 1991-181. The advice must be based upon all pertinent facts and the applicable law and must not be based on unreasonable factual or legal assumptions. Sec. 1.6664-4(c)(1)(i) and (ii), Income Tax Regs. The advice cannot be based on an assumption that the taxpayer knows, or has reason to know, is unlikely to be true. Id. subdiv. (ii).

A taxpayer cannot negate the accuracy-related penalty through reliance on the "promoter" of a transaction or on other advisers who have a conflict of interest. Hansen v. Commissioner, 471 F.3d 1021, 1031 (9th Cir. 2006), aff'g T.C. Memo. 2004-269; see also Pasternak v. Commissioner, 990 F.2d at 903; Canal Corp. v. Commissioner, 135 T.C. 199, 218 (2010); LaVerne v. Commissioner, 94 T.C. 637, 652-653 (1990), aff'd without published opinion, 956 F.2d 274 (9th Cir. 1992), and aff'd without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991). A tax adviser who has a financial stake in the transaction has a conflict of interest. Pasternak v. Commissioner, 990 F.2d at 903; Canal Corp. v. Commissioner, 135 T.C. at 218.

A reasonably prudent person would investigate claims from his tax professional that are likely "too good to be true". Pasternak v. Commissioner, 990 F.2d at 903 (quoting McCrary v. Commissioner, 92 T.C. 827, 850 (1989)). Suspect tax savings should prompt a reasonable taxpayer to make a good-faith investigation. Allen v. Commissioner, 92 T.C. at 12; Roberson v. Commissioner, T.C. Memo. 1996-335, aff'd without published opinion, 142 F.3d 435 (6th Cir. 1998).

Petitioner testified to the following regarding the preparation of his 2014 Form 1040: (1) Mr. Fox contacted him and encouraged him to hire Ms. Williams

as a tax return preparer; (2) he spoke with Ms. Williams by telephone and emailed her copies of his 2014 Forms W-2; (3) after receiving Ms. Williams' email, he agreed to have her prepare his 2014 Form 1040, but he did not authorize her to file it; (4) Ms. Williams did not provide a copy of the return for him to review before she filed it; (5) Ms. Williams filed his 2014 Form 1040 without his signature or consent;[6] and (6) he paid Ms. Williams' fee.

To support his assertions of reasonable cause and good faith, petitioner asserts that he relied on Mr. Fox's and Ms. Williams' representations about Ms. Williams' knowledge and experience and that they convinced him that "everything was legitimate".[7] Petitioner concedes that Ms. Williams' promise of a $20,000 income tax refund seemed "extremely high" and that the amount raised a "major red flag". Petitioner did not perform any research as to Ms. Williams' qualifications and relied solely on Mr. Fox's and Ms. Williams' representations, which included a promise that he would "not get audited".

---

[6]Petitioner did not allege in his petition that the 2014 Form 1040 filed in his name was invalid because he did not sign it. As previously discussed, petitioner stipulated that he filed his 2014 Form 1040 and respondent processed it, made adjustments, and issued a notice of deficiency.

[7]Petitioner asserts that Mr. Fox and Ms. Williams represented that Ms. Williams had worked for the Internal Revenue Service (IRS) and H&R Block.

The Court concludes that petitioner, a college graduate with prior experience in filing his Federal income tax returns, did not make sufficient efforts to determine his proper tax liability. Petitioner asserts that he did not request a copy of his 2014 Form 1040 before it was filed because "I assumed I was going to receive it at some point and I never did". Petitioner also did not request a copy of his 2014 Form 1040 after he learned that it had been filed, nor did he attempt to ascertain what was reported on his return. Petitioner further asserts that he did not see what was reported on his return until it was examined by the IRS. Petitioner acknowledges that his 2014 Form 1040 reported a fictitious Schedule C business and claimed overstated itemized deductions, and thus the return was based on facts and assumptions that were untrue. These assertions do not reflect a good-faith effort to report the proper amount of tax liability. See sec. 6664(c)(1); Boyle, 469 U.S. at 252; Pasternak v. Commissioner, 990 F.2d at 903; Stough v. Commissioner, 144 T.C. at 323; Metra Chem Corp. v. Commissioner, 88 T.C. at 662; Salloum v. Commissioner, at *21; sec. 1.6664-4(b)(1), (c)(1)(i) and (ii), Income Tax Regs.

Petitioner also did not act as a reasonable person by failing to investigate Ms. Williams' assertions that she could obtain for him a $20,000 income tax refund, which he admits was "too good to be true". The fact of Ms. Williams'

arrangement to receive 20% of his refund reflects her conflict of interest. See

Hansen v. Commissioner, 471 F.3d at 1031; Pasternak v. Commissioner, 990 F.2d

at 903; Canal Corp. v. Commissioner, 135 T.C. at 218; LaVerne v. Commissioner,

94 T.C. at 652-653; Allen v. Commissioner, 92 T.C. at 12; Roberson v.

Commissioner, T.C. Memo. 1996-335. Petitioner apparently accepted and cashed

his refund check for $17,663, less Ms. Williams' fee, and did not concern himself

with the accuracy of his 2014 Form 1040.

For all the reasons stated herein, we conclude that petitioner did not act with

reasonable cause and in good faith. See sec. 1.6664-4(b)(1), Income Tax Regs.

We further conclude that the underpayment is also due to negligence. See sec.

6662(b)(1), (c); sec. 1.6662-3(b)(1), Income Tax Regs.

Accordingly, we sustain the accuracy-related penalty.

We have considered all of the parties' arguments, and, to the extent not

addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.